Mr. Michael D. Garrett, Director Department of Public Safety 621 East Capitol Avenue Jefferson City, Missouri 65101
Dear Mr. Garrett:
This is in reply to your request for an opinion of this office concerning your authority to spend moneys appropriated in Section 16.320, House Bill No. 16, Second Regular Session, 78th General Assembly.
Section 16.320 provides as follows:
". . . To the Department of Public Safety
 "For contingent expenses of any type, including Personal Service, Equipment Purchase and Repair and Operation and renovation expenses except permanent capital improvements, for the purpose of reducing the number of pending felony cases in the circuit courts of Missouri; provided that all such expenditures authorized herein shall be limited to expenses of criminal justice agencies both state and local, including but not limited to the Attorney General, the Board of Probation and Parole, the Circuit Attorney of the City of St. Louis, the Sheriff of the City of St. Louis, the Prosecuting Attorney of St. Louis County and the Prosecuting Attorney of Jackson County, and provided that all such expenditures authorized herein shall not supplant federal, state or local appropriations made for the purpose stated herein.
"From Revenue Sharing Trust Fund . . $600,000"
Particularly, you state that you have no legal duties or powers for any of the purposes of Section 16.320 and, therefore, are concerned as to whether you have the legal authority to spend any or all of the $600,000 appropriated.
First, it is clear that every appropriation must specify distinctly the purpose for which moneys are to be expended. State exinf. Danforth v. Merrell, 530 S.W.2d 209 (Mo.Banc 1975). Also, it is well established that it is unconstitutional to legislate in an appropriation bill. State ex rel. Davis v. Smith, 75 S.W.2d 828,830 (Mo.Banc 1934); State ex rel. Ganes v. Canada, 113 S.W.2d 783,790 (Mo.Banc 1937), reversed on other grounds, 305 U.S. 337.
In this regard, the granting of powers can only be done by general legislation not in an appropriation bill. See, State exrel. Hudson v. Carter, 27 P.2d 617, 624-625 (Okla. 1933). Thus, the purpose clause of an appropriation is to state to the officer or agency to whom the money is directed what use can be made of the money within the legal powers given to such officer or agency by general legislation. But, as stated, the appropriation itself cannot create the legal power to act.
In view of this, we have examined the powers of the Department of Public Safety and find no authority granted to the department to do those things listed in Section 16.320. See, Section 11, C.C.S.H.C.S.S.C.S. Senate Bill No. 1, First Extraordinary Session, 77th General Assembly.
CONCLUSION
Therefore, it is the opinion of this office that the Department of Public Safety has no legal authority to spend any of the moneys appropriated in Section 16.320, House Bill No. 16, Second Regular Session, 78th General Assembly.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Walter W. Nowotny, Jr.
Yours very truly,
 JOHN C. DANFORTH Attorney General